UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JUAN RIQUIAC MEJIA,

                         Plaintiff,

             -against-                      **REPORT AND RECOMMENDATION**

KE LAI XIANG NUMBER ONE           21 CV 6664 (AMD) (CLP)
RESTAURANT INC. *d/b/a* KE LAI QIN
LIVE FISH, *et al.*,

                        Defendants.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

        On December 1, 2021, Juan Riquiac Mejia ("plaintiff") commenced this action against Ke Lai Xiang Number One Restaurant Inc., d/b/a Ke Lai Qin Live Fish ("Ke Lai Xiang"), and Lin Liu ("Liu" and, together with Ke Lai Xiang, the "Original Defendants"), bringing claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 200 et seq., New York Labor Law ("NYLL") §§ 190 et seq. and §§ 650 et seq., and related regulations, 12 N.Y.C.R.R. §§ 142-2.1 to 142-2.2. (Compl. (ECF No. 1) ¶¶ 31–54). On July 31, 2023, with the consent of the Original Defendants, plaintiff filed an Amended Complaint, which maintained the claims alleged in the original Complaint but added Li Ping Chen ("Chen") as a defendant. (Am. Compl. (ECF No. 27) ¶¶ 8, 32–55; see also ECF No. 27-1).

        Chen was served with the Amended Complaint on September 25, 2023, and Chen's answer was therefore due on October 16, 2023. (ECF No. 31). While the Original Defendants filed an answer to the Amended Complaint (ECF No. 30), Chen did not. Meanwhile, the appearing parties continued with discovery, and on December 7, 2023, this Court certified that discovery was complete with respect to Ke Lai Xiang and Liu. (Electronic Order, dated Dec. 7, 2023). Plaintiff then requested a certificate of default as to Chen, and default was entered on

1

December 15, 2023.  (ECF No. 36).  On February 14, 2024, plaintiff filed a motion for default judgment against Chen (the "Motion") (ECF No. 39), which was referred to the undersigned for report and recommendation (Electronic Order, dated Feb. 14, 2024).  Plaintiff and the Original Defendants, who had appeared in the action, then prepared for a bench trial before the Honorable Ann M. Donnelly, which was held on July 9, 2024.  (Minute Entry, dated July 9, 2024).  Under the operative deadlines, plaintiff and the Original Defendants are due to file amended proposed findings of fact, with citations to the record at trial, and conclusions of law by August 30, 2024.  (Id.)

For the reasons set forth below, it is respectfully recommended that the district court DENY plaintiff's Motion for default judgment against defendant Chen without prejudice and with leave to renew once plaintiff's claims against the Original Defendants have been resolved.

FACTUAL BACKGROUND

Plaintiff alleges that he was employed by defendants at their restaurant as a "non-exempt dishwasher, food preparer/kitchen helper, and porter from on or about June 15, 2021, until on or about November 15, 2021."  (Am. Compl. ¶ 13).  The original Complaint described Liu as the "[p]resident and shareholder" of Ke Lai Xiang, who served as the "owner, officer, director, supervisor, managing agent, and proprietor" of the same, and who "exercise[d] control over the terms and conditions of the employees' employment."  (Compl. ¶¶ 8–10).  However, the Amended Complaint revises that allegation and claims that Chen served as the "[p]resident and shareholder" while Liu served as "director, supervisor, and/or managing agent."  (Am. Compl. ¶¶ 8–9).  Plaintiff now alleges that Chen and Liu collectively exercised control over plaintiff's employment, and that Chen, Liu, and Ke Lai Xiang are all jointly and severally liable for plaintiff's alleged damages.  (Id. ¶¶ 8–11, 18–19).

2

Plaintiff alleges that throughout his employment, he worked seven days per week, twelve hours per day, and that defendants "knowingly and willfully" failed to pay plaintiff overtime compensation and spread of hours premiums. (Id. ¶¶ 15–16, 22–26). Plaintiff also alleges that defendants failed to record his hours and failed to provide him with written wage notices or wage statements in contravention of the NYLL. (Id. ¶¶ 21, 27–28).

## DISCUSSION

Rule 55 sets forth a two-part procedure for entering a default judgment. First, Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Clerk of Court enters a default by noting the defaulting party's failure to respond or appear. Id. Second, if the defaulting party then fails to vacate the entry of default pursuant to Rule 55(c), the appearing party may seek a default judgment to establish liability and, if proven, damages. Fed R. Civ. P. 55(b).

While the Second Circuit has recognized the pressure on district courts "to dispose of cases that . . . delay and clog [their] calendar[s]" due to the litigants' "disregard of the rules," the Circuit has instructed district courts to "maintain a balance between clearing [their] calendar[s] and affording litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993); see also Jeremiah v. 5 Towns Jewish Times, Inc., No. 22 CV 5942, 2023 WL 6593997, at *2 (E.D.N.Y. Aug. 9, 2023), report and recommendation adopted, 2023 WL 5703698 (E.D.N.Y. Sept. 5, 2023). Thus, in light of the "oft-stated preference for resolving disputes on the merits," defaults are "generally disfavored," and "doubt[s] should be resolved in favor of the defaulting party." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95–96; see also Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (stating that courts

3

must "supervise default judgments with extreme care to avoid miscarriages of justice"). Furthermore, "[Rule 55(b)] states that a judgment by default 'may' be entered under specified circumstances, not that it must." Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. at 162. Accordingly, a plaintiff is not entitled to a default judgment as a matter of right simply because the defendant is in default. Id.

Where, as here, a plaintiff seeks default judgment against only some of the defendants, the Court must consider whether entering default judgment would be premature. See Bleecker v. Zetian Sys., Inc., No. 12 CV 2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing Chloe v. Zarafshan, 06 CV 03140, 2009 WL 2956827, at *4 (S.D.N.Y. Sept. 15, 2009)). Specifically, the Court must "expressly" determine that there is no reason to delay judgment against the defaulting parties until a later date. Fed. R. Civ. P. 54(b). There are no "fixed criteria" guiding the application of this rule. Mitchell v. Lyons Pro. Servs., Inc., 727 F. Supp. 2d 116, 119 (E.D.N.Y. 2010) (citing Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980)). Rather, "[t]he decision of whether to enter a final judgment against some but fewer than all of the parties in an action is left to the sound discretion of the district court." Abbott Lab'ys v. Adelphia Supply USA, No. 15 CV 5826, 2020 WL 7643213, at *2 (E.D.N.Y. Dec. 23, 2020) (citing Bleecker v. Zetian Sys., Inc., 2013 WL 5951162, at *6). However, "default judgment cannot be issued where the relief requested would prejudice actively litigating defendants." Knowles-Carter v. Feyonce, Inc., No. 16 CV 2532, 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017).

Here, plaintiff seeks the entry of a default judgment only against Chen, who is alleged to have been plaintiff's joint employer along with Liu and Ke Lai Xiang, and who is alleged to be jointly and severally liable for plaintiff's injuries with the same. (Am. Compl. ¶¶ 7–14, 18–19,

4

29–31). Aside from the narrow questions of whether Chen was properly served and whether Chen was plaintiff's "employer" for purposes of the FLSA and NYLL, all issues of fact and law relevant to determining whether to enter default judgment and award damages against Chen are identical to those concerning the liability of Liu and Ke Lai Xiang and the appropriate damages award should those defendants be found liable. (See ECF No. 41 at 2–6, 8–15 (setting forth, in support of the Motion, proposed findings of fact and conclusions of law as to both Chen's liability and plaintiff's entitlement to damages from Chen)). Indeed, plaintiff's requested damages under the Motion appear to be for the full amount to which he claims to be entitled under the FLSA and NYLL, along with attorney's fees and costs. (Compare id. at 18 (requesting damages in connection with the Motion), with ECF No. 48 at 5 (setting forth identical categories and amounts of damages for purposes of the trial held with respect to the Original Defendants)).

Thus, resolution of the Motion at this time would require this Court to opine and, in the case of damages, make findings of fact on the very issues that were tried before the district court on July 9, 2024, and that are currently the subject of post-trial briefing by the parties. The Court therefore concludes that plaintiff's Motion is premature and should not be granted at this time, as doing so could very well prejudice the two Original Defendants, both of whom have expended considerable time and effort to contest plaintiff's allegations. See Century Sur. Co. v. Whispers Inn Lounge, Inc., No. 13 CV 9049, 2014 WL 8392302, at *1 (S.D.N.Y. Dec. 15, 2014) (denying default judgment without prejudice, where "[g]ranting [plaintiff's] requested relief and declaring that the underlying action is not covered. . . would, in effect, decide the case for [the co-defendant], even though it disputes [plaintiff's] claims"); Falls Lake Nat'l Ins. Co. v. Nexus Builders Corp., No. 21 CV 1403, 2022 WL 992714, at *5 (S.D.N.Y. Mar. 31, 2022).

CONCLUSION

Considering the foregoing, the Court respectfully recommends that plaintiff's Motion for default judgment against Li Ping Chen be denied without prejudice and with leave to refile once plaintiff's claims against Ke Lai Xiang and Lin Liu have been resolved and the risk of prejudice has been obviated.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff is directed to serve a copy of this Report and Recommendation on Li Ping Chen promptly by certified mail, return receipt requested, and to provide the Court with proof of service immediately thereafter. The Clerk is directed to send copies of this Report and Recommendation to all other parties either electronically through the Electronic Case Filing (ECF) system or by mail.

SO ORDERED.

Dated: Brooklyn, New York
July 29, 2024

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York