UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
**JUAN RIQUIAC MEJIA,**
:
                       Plaintiff,
:   **MEMORANDUM DECISION AND**
            – against –
:   **ORDER**
**KE LAI XIANG NUMBER ONE**
:   21-CV-6664 (AMD) (CLP)
**RESTAURANT INC., LIN LIU, AND LI PING**
**CHEN,**
:
:
                      Defendants.
:
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the plaintiff's renewed application for attorneys' fees under New York Labor Law ("NYLL"), §§ 190, 650 *et seq*, and related regulations, 12 N.Y.C.R.R. §§ 142-2.1 to 142-2.2. (ECF No. 59.) For the reasons that follow, the plaintiff's motion is granted.

## BACKGROUND

The plaintiff filed this action against his former employer alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*, and NYLL. After a one-day bench trial on July 10, 2024, the Court found that the plaintiff was entitled to damages on his NYLL claims because the defendants violated the NYLL overtime, spread of hours and notice and wage statement laws. (ECF No. 57.)[1] The Clerk of the Court entered judgment on March 31, 2025. (ECF No. 58.) The Court incorporates those findings of facts and conclusions of law.

The Court entered judgment against the defendants for a total of $63,060.54, with pre-judgment interest to be added, in the following amounts: (1) $26,530.27 in unpaid wages (sum of

---

[1] This judgment applies to two of the three named defendants: Ke Lai Xiang Number One Restaurant Inc. — a restaurant in Flushing, Queens — and Lin Liu — the chef and the plaintiff's employer. (ECF No. 57 at 2–6.) The third defendant, Li Ping Chen, has not appeared. (*Id*.)

overtime and spread of hours pay owed); (2) $26,530.27 in liquidated damages; and (3) $10,000.00 in statutory damage. (*Id*. at 21–22.) While the Court also held that the plaintiff was entitled to attorneys' fees under NYLL § 663(1), it explained that the plaintiff's counsel, Justin Cilenti, had not submitted sufficient information from which the Court could determine whether the costs and fees were reasonable. (ECF No. 57 at 21.) The Court directed counsel to renew his application for fees and costs by providing the necessary supporting documents within 45 days. (*Id*.)

Mr. Cilenti renewed his motion for costs and fees on May 15, 2025. (ECF Nos. 59, 60.) Counsel included in that filing the relevant time and billing statements, as well as a substantive description of each billing employee's experience and qualifications as a basis for counsel's requested hourly rates. (ECF Nos. 60; 60-2.) The plaintiff requests $50,991 in total attorneys' fees and costs.

## DISCUSSION

### I.  Attorney's Fees and Costs

Plaintiffs who establish their employer violated NYLL wage provisions may recover "reasonable" attorneys' fees and costs, among other relevant damages. NYLL § 663(1). To do so, the plaintiff must "file an application including an affidavit or declaration setting forth counsel's experience and qualifications, along with simultaneous billing records and costs related to the instant action." *Bozdogan v. 23 Ludlam Fuel, Inc.*, No. 16-CV-1053, 2022 WL 4273851, at *10 (E.D.N.Y. Sept. 15, 2022).

The standard method for calculating reasonable attorneys' fees takes "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). While the plaintiff bears the burden of "supporting its claim of hours expended by accurate, detailed and contemporaneous time records," the Court

2

maintains broad discretion to determine the ultimate fee award. *Mahoney v. Amekk Corp.*, No. 14-CV-4131, 2016 WL 6585810, at *18 (E.D.N.Y. Sept. 30, 2016), *report and recommendation adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016).

The reasonable hourly rate is what a client would be willing to pay, bearing in mind certain factors, including the presumption that the client "wishes to spend the minimum necessary to litigate the case effectively." *Id.* (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008)).  The Court examines the hours counsel spent "with a view to the value of the work product of the specific expenditures to the client's case." *Valdez v. H & S Rest. Operations, Inc.*, No. 14-CV-4701, 2016 WL 3079028, at *7 (E.D.N.Y. Mar. 29, 2016), *report and recommendation adopted*, 2016 WL 3087053 (E.D.N.Y. May 27, 2016); *Mahoney*, 2016 WL 6585810, at *18 (internal citations omitted).  The Court also considers whether the requested rates align with prevailing market rates or those previously awarded to comparable lawyers for similar cases within the district. *See id.*, at *18–19 (collecting cases).

> a. **Reasonable Hourly Rate**

Mr. Cilenti and his legal assistant, Marcela Cardoso, worked on the plaintiff's matter "from inception through trial." (ECF No. 60 ¶ 8.)  Mr. Cilenti seeks $400 an hour for his services and $100 an hour for Ms. Cardoso's time.  (*Id.* ¶¶ 16, 17.)

These hourly rates are reasonable in light of district precedent and the plaintiff's supporting evidence.  (*See* ECF No. 60 and 60-2.)  "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners . . . and $70 to $100 for legal support staff in FLSA cases." *Martinez v. New 168 Supermarket LLC*, No. 19-CV-4526, 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020) (collecting cases), *report and recommendation adopted*, 2020 WL 5259056 (E.D.N.Y. Sept. 3, 2020); *see also Mahoney*, 2016 WL 6585810, at

*19 (quoting *Carrasco-Flores v. Comprehensive Health Care & Rehab. Servs., LLC*, No. 12-CV-5737, 2014 WL 4954629, at *9 (E.D.N.Y. Oct. 2, 2014)); *Cohetero v. Stone & Tile, Inc.*, No. 16-CV-4420, 2018 WL 565717, at *4 (E.D.N.Y. Jan. 25, 2018).

      Mr. Cilenti co-founded Cilenti & Cooper, PLLC in 2009. His firm specializes in plaintiff-side employment law in New York City. (ECF No. 60 ¶ 13.) He has practiced in New York since 1997 and has significant experience litigating wage and hour cases. (*Id.* ¶¶ 11, 13.) As recently as 2020, courts in this district found that Mr. Cilenti's $400 hourly rate was reasonable in FLSA matters, including less procedurally complex cases in which the defendants defaulted. *See Martinez*, 2020 WL 5260579, at *8 (collecting previous Eastern District decisions approving the same).

      As for Ms. Cardoso, while $100 an hour is on the higher end of the established range for paralegals, the facts and nature of this case justify the requested rate. *Cf. id.* at *8–9 (reducing Ms. Cardoso's hourly rate where the matter and work were straightforward and simple). Mr. Cilenti's declaration states that this matter involved "substantial" work over a period of several years. (ECF No. 60 ¶ 9.) The time and billing statement demonstrates that Ms. Cardoso played an important role in handling much of the client communication responsibilities from the outset of the representation through the end of the litigation. For example, she translated between English and Spanish during meetings with Mr. Cilenti and the plaintiff. (*See* ECF No. 60-2 at 1 (Ms. Cardoso's time entry for initial consultation with the plaintiff, where she "provide[d] Spanish translation").) Given these essential services, the higher hourly rate within the district-approved range is appropriate. *Cohetero*, 2018 WL 565717, at *5 (holding paralegals' $125 an hour fee was reasonable "because of their language abilities and because plaintiff here is a Spanish speaker").

4

**b.      Reasonable Number of Hours**

"To determine whether the number of hours spent by Plaintiff's counsel was reasonable, the Court must use its experience with the case, as well as its experience with the practice of law, to assess the reasonableness of the hours spent in a given case." *Castillo v. Hollis Delicatessen Corp.*, No. 22-CV-5476, 2024 WL 4111108, at *11 (E.D.N.Y. Aug. 22, 2024) (cleaned up), *report and recommendation adopted*, 2024 WL 4107258 (E.D.N.Y. Sept. 6, 2024).  The Court should exclude hours it deems excessive, redundant, unnecessary, or hours that were spent on a severable unsuccessful claim.  *See Mahoney*, 2016 WL 6585810, at *18 (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).  For hours dedicated to unsuccessful claims, counsel may recover such time where both the unsuccessful and successful severable claims are "inextricably intertwined and involve a common core of facts." *Quaratino*, 166 F.3d at 425 (internal quotations omitted).

This rule applies to the plaintiff's unsuccessful FLSA and successful NYLL claims.  The plaintiff alleged a single set of facts, which the Court determined, after hearing the evidence at trial, entitled him to relief under the NYLL but not under the FLSA.  (*See* ECF No. 57 at 10–11 (retaining supplemental jurisdiction over plaintiff's NYLL claims because the parties' testimony and briefs pertain to both sets of claims and the case lacks any special state law issues).)  Thus, the time counsel billed on the severable FLSA claims is indistinguishable from his work on the NYLL claims, because the relevant statutes and claims are naturally interrelated.  *See Cabrera v. Schafer*, No. 12-CV-6323, 2017 WL 9512409, at *8–9 (E.D.N.Y. Feb. 17, 2017) (declining to reduce fee award where the mix of successful and unsuccessful FLSA claims "are so intertwined that attempting to separate them would border on being a futility"), *report and recommendation adopted*, 2017 WL 1162183 (E.D.N.Y. Mar. 27, 2017).

From November 17, 2021 to September 30, 2024, Mr. Cilenti and Ms. Cardoso billed a total of 141.1 hours. (ECF No. 60-2 at 1, 14.) In reviewing the contemporaneous time entries and Mr. Cilenti's declaration, the total hours billed are reasonable and reflect an appropriate amount of time spent attempting to settle the matter, engaging in discovery, and ultimately preparing for trial. (ECF No. 60 ¶¶ 9, 15.)

    **c.**    **Calculating Reasonable Attorneys' Fees**

Having concluded that counsel's rates and number of hours are reasonable, the Court calculates a presumptively reasonable fee award by multiplying the reasonable hourly rate times the number of hours reasonably expended on the litigation. *Hensley*, 461 U.S. at 433; *Arbor Hill*, 522 F.3d 182, 183 (2d Cir. 2008). Thus, the Court awards $49,510 in attorneys' fees — the sum of each respective hourly fee (partner at $400, paralegal at $100) times each individual's corresponding allocation of the total hours billed (141.1).

    **d.**    **Costs**

Counsel requests $1,481 in costs. (ECF No. 60-2 at 15.) The NYLL entitles the plaintiff to recover costs, which are typically the "reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (quoting *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)); *Quintanilla v. Pete's Arbor Care Servs., Inc.*, No. 19-CV-06894, 2024 WL 3675900, at *3 (E.D.N.Y. Aug. 6, 2024), *reconsideration denied*, No. 19-CV-06894, 2024 WL 4467221 (E.D.N.Y. Oct. 10, 2024). The plaintiff must support an application for costs with evidence documenting the expenses, as well as payment of those expenses. *See Cabrera*, 2017 WL 9512409, at *15 (collecting cases).

"Costs are substantiated when they are (1) court fees reflected on the docket, (2) supported by extrinsic proof, or (3) sworn to under penalty of perjury in a detailed statement."

*Quintanilla*, 2024 WL 3675900, at *10.  The Court takes judicial notice of the $402 filing fee reflected on the docket.  *See, e.g.*, *Cabrera*, 2017 WL 9512409, at *15.  However, Mr. Cilenti's submission does not include any additional explanation or itemization of the costs.  (ECF No. 60-2 at 15.)  Absent these details or other extrinsic proof — for example, receipts or invoices — the Court cannot determine whether the costs were reasonable.  *See Chen v. Hunan Manor Enter., Inc.*, No. 17-CV-802, 2024 WL 2140119, at *10 (S.D.N.Y. May 14, 2024), *report and recommendation adopted*, 2024 WL 3454751 (S.D.N.Y. July 18, 2024); *Cabrera*, 2017 WL 9512409, at *15.  The Court expects that the remainder of the costs that counsel requests in this case are reasonable and permissible, including for example those related to process servers, photocopying, depositions and interpreters.  *See, e.g.*, *Quintanilla*, 2024 WL 3675900, at *3.  However, while the Court might assume that the plaintiff incurred these expenses and that counsel paid those costs, on the current record, the Court does not have sufficient evidence to award the full costs that counsel requests.  (*See* ECF Nos. 60; 60-2.)  Thus, the Court approves costs of $402, equal to the filing fee of the action.  Counsel may submit additional itemized receipts and declarations and request an amended judgement within 14 days of this order.

## II.     Pre-judgment Interest

The plaintiff also asks the Court to recalculate the pre-judgment interest on his award of damages through the entry of judgement on this motion.  However, the Clerk of Court entered the relevant judgment on March 31, 2025.  (ECF No. 58.)  The plaintiff is entitled to pre-judgment interest only on the unpaid wage damages of $26,530.27.  (ECF No. 57 at 21); *see Feuer v. Cornerstone Hotels Corp.*, No. 14-CV-5388, 2020 WL 401787, at *12 (E.D.N.Y. Jan. 24, 2020); *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 515 (S.D.N.Y. 2017), *aff'd*, 752 F. App'x 33 (2d Cir. 2018); *Beadle v. Forever Jerk LLC*, No. 23-CV-9166, 2024 WL 3813374, at *8 (E.D.N.Y. July 31, 2024), *report and recommendation adopted*, 2024 WL 4528940

7

(E.D.N.Y. Oct. 18, 2024). Accordingly, as the Court previously explained, the plaintiff is entitled to pre-judgement interest at a rate of 9% per annum from the Court-determined midpoint date of the conduct underlying the damages award — August 30, 2021 — until the date of judgement — March 31, 2025. N.Y. Lab. Law § 198(1)(a); N.Y. C.P.L.R. §§ 5004, 5001(b); (ECF No. 57 at 20–21) (quoting *Feuer*, 2020 WL 401787, at *12).[2]

## CONCLUSION

For these reasons, the plaintiff is entitled to attorney's fees and costs in the amount of $49,912. Counsel may submit additional itemized receipts to account for additional costs and request an amended judgement within 14 days of this order.

The Clerk of Court is respectfully directed to enter judgment accordingly.

**SO ORDERED.**

s/Ann M. Donnelly<br>
ANN M. DONNELLY<br>
United States District Judge

Dated: Brooklyn, New York
      July 7, 2025

---

[2] Although the plaintiff does not request post-judgment interest, the plaintiff is likely entitled to post-judgment interest under 28 U.S.C. § 1961(a). Post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment." 28 U.S.C.A. § 1961(a). Thus, the plaintiff may demand post-judgment interest at the statutory rate from March 31, 2025 through the date of payment. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 53 (E.D.N.Y. 2015). For the avoidance of doubt, this order does not amend the Court's previous judgment as to the plaintiff's pre-judgment interest award and calculation.